IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:14-CV-113-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and STATE OF NORTH CAROLINA, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER** |
| COMPASSIONATE HOME CARE SERVICES, INC.; CAROL ANDERS; ANTHONY ANDERS; RYAN SANTIAGO; CHARLENA BRYANT; and TAMMY THOMPSON, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

On May 29, 2014, the United States of America and State of North Carolina ("plaintiffs") filed a sealed complaint against defendants Compassionate Home Care Services, Inc., Carol Anders, Anthony Anders, Ryan Santiago ("Santiago"), Charlena Bryant ("Bryant"), and Tammy Thompson ("Thompson") ("defendants") [D.E. 1]. On June 4, 2014, at the request of plaintiffs, the court sealed the case [D.E. 5]. On June 17, 2014, the court entered an order for issuance of writs of attachment, garnishment, and sequestration as to defendants [D.E. 37]. On June 18, 2014, the clerk issued the notice of prejudgment remedy and instructions to defendants regarding exempt property [D.E. 39] and prejudgment writs of attachment, garnishment, and sequestration [D.E. 40 - 65]. On June 18, 2014, the clerk also issued summons as to defendants [D.E. 66 - 71]. On July 28, 2014, Carol Anders filed a pro se motion for extension of time [D.E. 75]. On August 6, 2014, the clerk allowed Carol Anders an extension through September 8, 2014, to respond to plaintiffs' complaint [D.E. 82]. On August 11, 2014, the court granted plaintiffs' motion to lift the seal with the exception of one docket entry [D.E. 84].

On August 11, 2014, Compassionate Home Care Services, Inc., Carol Anders, and Santiago filed a motion for extension of time to respond to plaintiffs' complaint [D.E. 87] and supporting memorandum [D.E. 88]. On August 12, 2014, Santiago filed an affidavit in support of the motion for extension of time [D.E. 90]. On August 14, 2014, Compassionate Home Care Services, Inc., Carol Anders, and Santiago filed an amended motion for extension of time to respond to plaintiffs' complaint [D.E. 94]. On August 18, 2014, plaintiffs' responded in opposition [D.E. 95]. On August 19, 2014, plaintiffs filed a motion for entry of default [D.E. 97].

The motion for extension of time to answer [D.E. 87], amended motion for extension of time [D.E. 94], and motion for entry of default [D.E. 97] have been referred to the undersigned for disposition. For the reasons stated, the motion and amended motions for extension of time are allowed [D.E. 87, 94], and plaintiffs' motion for entry of default is granted in part and denied in part [D.E. 97].

## Motions for Extension of Time to Answer

On August 11, 2014, Compassionate Home Care Services, Inc., Carol Anders, and Santiago ("movants") filed a motion for extension of time [D.E. 87] and supporting memorandum [D.E. 88]. It appears that movants filed the motion and memorandum under seal based on their belief that the case was sealed. However, the court lifted the seal earlier that day [D.E. 84]. Because the court unsealed the case and movants did not comply with Local Civil Rule 79.2 and Section T of the Eastern District of North Carolina's Electronic Case Filing and Administrative Procedures Manual, concerning restricted documents, the clerk is directed to unseal the motion for extension of time [D.E. 87] and supporting memorandum [D.E. 88].

On August 14, 2014, movants filed an amended motion for extension of time [D.E. 94]. Movants withdrew the request as to Carol Anders, who had previously received an extension of time until September 8, 2014 [D.E. 82]. Movants also asked for a deadline of September 8, 2014, to answer

2

plaintiffs' complaint. In sum, movants allege that good cause exists to extend the filing period based on their inability to access the docket while the case was sealed to review filings and to determine dates of service and the incarceration of Carol Anders. On August 18, 2014, plaintiffs filed a response in opposition to the extension of time [D.E. 94]. Plaintiffs assert that Compassionate Health Care Services, Inc. and Santiago did not seek an extension until after the filing deadline. Thus, plaintiffs assert that movants must establish excusable neglect under Rule 6(b)1(B) to obtain an extension nunc pro tunc.

A review of the motion and amended motion for extension of time, supporting memorandum, and affidavit of Santiago shows that movants demonstrated good cause and excusable neglect for their request pursuant to Rule 6 of the Federal Rules of Civil Procedure and Local Civil Rule 6.1. Accordingly, movants' motion for extension and amended motion for extension of time are allowed [D.E. 87, 94]. Defendants Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago are allowed through and including September 8, 2014, to answer or otherwise respond to plaintiffs' complaint.

## Plaintiffs' Motion for Entry of Default

On August 19, 2014, plaintiffs filed a motion for entry of default [D.E. 97]. Plaintiffs ask the clerk to enter default against Anthony Anders, Bryant, and Thompson based on their failure to respond to their complaint. In addition, plaintiffs request default against Compassionate Home Care Services, Inc. and Santiago if their request for an extension of time is disallowed.

Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default against a party who "has failed to plead or otherwise defend." According to plaintiffs, Anthony Anders was served with summons and the complaint on July 14, 2014 [D.E. 97-1]. To date, Anthony Anders has failed to answer or otherwise respond. Plaintiffs also assert that on July 10, 2014, Bryant was served with

3

summons and complaint [D.E. 97-1]. She, too, has failed to file an answer or responsive pleading with the court. On July 23, 2014, plaintiffs state that Thompson was served with summons and the complaint [D.E. 97-1]. Similarly, Thompson has failed to plead or otherwise defend. Accordingly, plaintiffs' motion for entry of default against defendants Anthony Anders, Charlena Bryant, and Tammy Thompson is granted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure [D.E. 97].

On August 20, 2014, Compassionate Home Care Services, Inc. and Santiago filed an answer to plaintiffs' complaint [D.E. 98]. Thus, plaintiffs' motion for entry of default is denied as to Compassionate Home Care Services, Inc. and Santiago [D.E. 97].

SO ORDERED. This 19th day of November 2014.

Julie A. Richards, Clerk of Court

4

Case 7:14-cv-00113-D   Document 105   Filed 11/19/14   Page 4 of 4