IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-113-D

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, and STATE OF NORTH CAROLINA, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| COMPASSIONATE HOME CARE SERVICES, INC., et. al., | ) ) ) ) | |
| Defendants. | ) | |

On February 24, 2016, plaintiffs moved for sanctions against defendant Carol Anders for perjured deposition testimony and asked the court to prohibit Carol Anders from providing additional evidence regarding any matter that she did not recall at her deposition [D.E. 114]. Plaintiffs also filed a memorandum in support with attachments and specific citations to Carol Anders's deposition testimony and recorded jail telephone calls that took place before her deposition where she stated she planned to testify that she was on psychiatric medication and could not remember anything and thereby get "pity" from the government and get on the government attorney's nerves. See [D.E. 115] 4–13. On March 15, 2016, Carol Anders responded in opposition, disclaimed any plan to falsely feign memory loss, and argued that plaintiffs could use cross-examination to explore any future testimony that contradicts her stated lack of memory during her deposition. See [D.E. 129] 2, 4–7; see also [D.E. 134]. On March 13, 2016, plaintiffs replied and filed Carol Anders's entire deposition transcript [D.E. 131].

The court has reviewed the entire record. The recorded jail calls provide ample fodder for cross-examination if there is a trial and Carol Anders testifies. See [D.E. 115] 4–13. Moreover, if

Carol Anders had submitted an affidavit in opposition to any motion for summary judgment from plaintiffs, and the affidavit contradicted her deposition testimony, the court would not have considered such contradictory testimony. See, e.g., Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999); In re Family Dollar FLSA Litig., 637 F.3d 508, 512 (4th Cir. 2011); Rohrbough v. Wyeth Labs., Inc., 916 F.2d 970, 975 (4th Cir. 1990); Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984). Nonetheless, at this stage of the case, the court declines to impose the requested sanction. Considering sanctions under Rule 37 of the Federal Rules of Civil Procedure, the court looks to "(1) whether the noncomplying party acted in bad faith, (2) the amount of prejudice the noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would [be] effective." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998) (describing four-part test to apply in considering sanctions under Rule 37 of the Federal Rules of Civil Procedure). Assuming without deciding that Carol Anders acted in bad faith during portions of her deposition, the court finds that plaintiffs suffered no prejudice because Carol Anders did not submit a contradictory affidavit after her deposition in order to oppose plaintiffs' pending motion for partial summary judgment. If there is a trial, Carol Anders will be subject to vigorous cross-examination, and the court will give instructions on credibility and inconsistent statements. Furthermore, the court retains the inherent power to strike her testimony at trial if it finds she has committed perjury. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991); In re Weiss, 111 F.3d 1159, 1171–72 (4th Cir. 1997); Anheuser-Busch, Inc. v. Nat. Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995); United States v. Shaffer Equip. Co., 11 F.3d 450, 458–63 (4th Cir. 1993).

In sum, plaintiffs' motion for sanctions against defendant Carol Anders [D.E. 114] is DENIED. Additionally, plaintiffs' motion to file supplemental authority and supplemental materials

2

[D.E. 146] is GRANTED. If the court denies plaintiffs' pending motion for partial summary judgment, the court will allow defendants to depose Patricia Meyer before trial.

SO ORDERED. This _2_ day of September 2016.

JAMES C. DEVER III
Chief United States District Judge