IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-CV-113-D

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF NORTH CAROLINA, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     **ORDER** |
| COMPASSIONATE HOME CARE SERVICES, INC., et. al., | )<br>)<br>)<br>) |
| Defendants. | ) |

On March 15, 2017, the court heard oral argument on two pending motions: plaintiffs' motion for partial summary judgment against defendants Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago ("defendants") [D.E. 116] and defendants' motion to release sequestered, frozen, and garnished funds for payment of defense attorney fees and costs [D.E. 124]. As explained in open court, the court grants in part plaintiffs' motion for partial summary judgment on liability against defendants Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago and denies without prejudice defendants' motion to release sequestered, frozen, and garnished funds for payment of defense attorney fees and costs.

I.

The United States of America and the State of North Carolina ("plaintiffs") seek partial summary judgment against defendants Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago ("defendants"). See [D.E. 116]. Specifically, plaintiffs contend that there are no genuine issues of material fact regarding whether defendants violated the federal and North Carolina

false claims acts by submitting false claims for payment to the government for services that Compassionate Home Care Services, Inc., did not render or rendered in violation of applicable Medicaid policy. See id. (citing 31 U.S.C. § 3729 et seq.; N.C. Gen. Stat. § 1-605 et seq.). In support, plaintiffs note that defendants falsified documents to conceal their obligation to repay the government and used false documents to support false claims that Compassionate Home Care Services, Inc., submitted to the government for payment. See [D.E. 118] (plaintiffs' statements of uncontroverted facts under Local Civil Rule 56.1(a)(1), which are "deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement" pursuant to Local Civil Rule 56.1(a)(2)).[1]

In granting partial summary judgment to plaintiffs on liability, the court does so as to counts one through three and counts seven through nine in the complaint. See Compl. [D.E. 1] ¶¶ 72–80, 90–98; 31 U.S.C. § 3729(a)(1)(A) (providing liability for any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment"); 31 U.S.C. § 3729(a)(1)(B) (providing liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"); 31 U.S.C. § 3729(a)(1)(G) (providing liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or

---

[1] Defendants admit that they did not submit an opposing statement to plaintiffs' statement of uncontroverted facts. See [D.E. 140] 2–3. Nonetheless, in their response in opposition to plaintiffs' motion for partial summary judgment, defendants request an exemption under Local Civil Rule 56.1(b). Id. Local Civil Rule 56.1(b), however, requires a party to include any such exemption request in its "Rule 26(f) report." Local Civil Rule 56.1(b). Because defendants did not request such an exemption in their Rule 26(f) report and because producing an opposing statement would not have been "exceptionally burdensome," defendants' request is denied. See id. Thus, plaintiffs' statement of uncontroverted facts is deemed admitted. See Local Civil Rule 56.1(a)(2).

2

transmit money or property to the Government"); N.C. Gen. Stat. § 1-607(a)(1), (a)(2), & (a)(7). The term "obligation" includes "an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based or similar relationship, from statute or regulation, or from retention of any overpayment." 31 U.S.C. § 3729(b)(3); N.C. Gen. Stat. § 1-606(6). The term "knowing" and "knowingly" mean that a person, with respect to information, "has actual knowledge of the information; acts in deliberate ignorance of the truth or falsity of the information; or acts in reckless disregard of the truth or falsity of the information" and "requires no proof of specific intent to defraud." 31 U.S.C. § 3729(b)(1); see N.C. Gen. Stat. § 1-606(4). The term "material" means "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4); N.C. Gen. Stat. § 1-606(5).

To prove a reverse-false-claims-act claim under 31 U.S.C. § 3729(a)(1)(G), the government "must prove that the defendant did not pay back to the government money or property that it was obligated to return." United States ex rel. Quinn v. Omnicare, 382 F.3d 432, 444 (3d Cir. 2004); see United States ex rel. Kelly v. Serco, Inc., 846 F.3d 325, 335–36 (9th Cir. 2017); United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc., 838 F.3d 750, 774–75 (6th Cir. 2016). The government may establish liability in a reverse-false-claims-act claim by showing that the defendant "knowingly conceal[ed] . . . an obligation to pay or transmit money or property to the Government." Scott v. E.I. du Pont de Nemours & Co., No. 13-741-SDD-SCR, 2014 WL 1689601, at *2 (M.D. La. Apr. 29, 2014) (unpublished) (quotation omitted). The Medicaid program requires the provider to return any overpayment to the government within 60 days after the overpayment was identified. See 42 U.S.C. § 1320a-7k(d)(2). A person who knowingly retains a government overpayment is liable under the federal and North Carolina false claims acts. See 31 U.S.C. § 3729(a)(1)(G); N.C. Gen.

3

Stat. § 1-607(a)(7).

Summary judgment is appropriate if the moving party demonstrates "that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment must initially show an absence of a genuine dispute of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If a moving party meets its burden, the nonmoving party must "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quotation and emphasis omitted). A genuine issue for trial exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." Id. at 252; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Only factual disputes that might affect the outcome under substantive law preclude summary judgment. Anderson, 477 U.S. at 248. In reviewing the factual record, the court views the facts in the light most favorable to the nonmoving party and draws reasonable inferences in that party's favor. Matsushita, 475 U.S. at 587–88.

Even viewing the record in the light most favorable to defendants, defendants knowingly violated 31 U.S.C. § 3729(a)(1)(G) and N.C. Gen. Stat. § 1-607(a)(7), and defendants Compassionate Home Care Services, Inc., and Carol Anders knowingly violated 31 U.S.C. § 3729(a)(1)(A) and § 3729(a)(1)(B) and N.C. Gen. Stat. § 1-607(a)(1) and § 1-607(a)(2). Here, defendants knowingly billed for services not rendered, knowingly billed for certain services provided to patients by unlicensed, non-certified aids, and knowingly billed for services provided to patients

4

by close family members. See, e.g., [D.E. 118] ¶¶ 1–230. Furthermore, Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago falsified documents to conceal their obligation to repay the government and used false documents to support false claims previously submitted. See id. Moreover, the falsity of the claims was material to the Medicaid Program's decision to pay Compassionate Home Care Services, Inc. See, e.g., Universal Health Servs., Inc. v. United States ex rel. Escobar, 136 S. Ct. 1989, 2003–04 (2016); [D.E. 146-1] (affidavit of Patricia Meyer); cf. Glynn v. EDO Corp., 710 F.3d 209, 217–18 (4th Cir. 2013). As such, defendants Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago violated the federal and North Carolina false claims acts. See, e.g., Universal Health Servs., Inc., 136 S. Ct. at 2003–04; Omnicare, 382 F.3d at 444; United States v. Mackby, 261 F.3d 821, 828–29 (9th Cir. 2001); United States v. Krizek, 111 F.3d 934, 942 (D.C. Cir. 1997); United States v. Speqtrum, Inc., 47 F. Supp. 3d 81, 90–96 (D.D.C. 2014); Scott, 2014 WL 1689601, at *2.

In opposition, defendants argue that genuine issues of material fact exist concerning Carol Anders's knowledge because of her inability to recall events due to her limited education, limited role in the business, mental illness, and physical illness. See [D.E. 140] 1, 5–7. As for Ryan Santiago, defendants argue that he had little to do with Compassionate Home Care Services, Inc., before 2014. See id. at 7; see also [D.E. 141] (affidavit of Ryan Santiago).

The court rejects defendants' argument concerning Carol Anders. A fact is not in dispute under Rule 56 simply because a witness at her deposition cannot remember whether alleged events happened. See Cox v. United States, No. 1:12CR245-1, 2015 WL 1040577, at *3 (M.D.N.C. Mar. 10, 2015) (unpublished). Rather, Rule 56 requires the nonmoving party to come forward "with evidence that negates the version of events alleged by the moving party." Id. (quotation omitted); see Matsushita Elec. Indus. Co., 475 U.S. at 587 (if a moving party under Rule 56 meets its burden,

5

the nonmoving party must "come forward with specific facts showing that there is a genuine issue for trial"). In light of Carol Anders's admissions during her deposition and the other record evidence, there is no genuine issue of material fact concerning Carol Anders's knowledge. See, e.g., [D.E. 118] ¶¶ 32–194, 199–230.

As for defendants' argument concerning Ryan Santiago, Santiago's affidavit regarding damages is not based on his personal knowledge. See [D.E. 144] 6–9. Thus, the court does not consider it. See Fed. R. Civ. P. 56(c)(4); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996); Caldwell v. Leavitt, 378 F. Supp. 2d 639, 643 (M.D.N.C. 2005). Furthermore, Santiago's affidavit does not create a genuine issue of material fact as to his knowledge. Compare [D.E. 141] (Santiago affidavit), with [D.E. 118] (plaintiffs' statement of uncontroverted facts).

In opposing partial summary judgment, defendants also cite the statute of limitations. See [D.E. 140] 4. Plaintiffs' claims, however, fall comfortably within the applicable statute of limitations. See 31 U.S.C. § 3731(b); N.C. Gen. Stat. § 1-615(a); see also [D.E. 144] 9–10. Thus, the court rejects the argument.

The parties shall engage in a mediation with United States Magistrate Judge James E. Gates. If the parties are unable to resolve the issue of damages at mediation, the court anticipates holding a trial concerning damages.

II.

Defendants Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago move to release sequestered, frozen, and garnished funds for payment of defense attorney fees and costs. See [D.E. 124]. Specifically, defendants ask the court to order plaintiffs to release $45,000 of sequestered funds to defendants' counsel for partial payment of attorney fees and expenses. See id. at 4. Plaintiffs oppose the motion. See [D.E. 127].

6

In July 2014, plaintiffs served writs of attachment, sequestration, and garnishment against various properties and bank accounts defendants owned. See id. at 1–2. The Clerk of Court of the Eastern District of North Carolina holds $71,080.10 in sequestered rent and the Robeson County Clerk of Court holds $60,398.45 in sale proceeds from the sale of foreclosed properties. See id. In addition, several pieces of real property remain encumbered by the government, but the record does not reveal how much equity, if any, exists in the properties. See id. at 2.

Attorney Jon Wall represents defendants Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago and filed his notice of appearance in August 2014. See [D.E. 85]. Wall contends that his clients paid him $6,000 for attorney's fees in 2014, but owe his law firm approximately $85,000 in fees and expenses through March 2017. See [D.E. 124] 3; [D.E. 155] 2. Wall also states that he cannot continue to represent defendants without compensation. See [D.E. 124] 3.

District courts have broad discretion to release sequestered, frozen, or garnished funds. See, e.g., United States v. Jamie, No. 2:10-cv-498, 2011 WL 145196, at *1 (S.D. W. Va. Jan. 18, 2011) (unpublished) (collecting cases). The court has authority to release frozen funds "in the interest of fundamental fairness if wrongdoing is not yet proven and the restrained property is a defendant's only means of securing counsel." Id. (quotation omitted).

Defendants have not submitted an affidavit from Carol Anders or Ryan Santiago concerning the need to access the sequestered, frozen, and garnished funds, concerning who owns the properties at issue, when either acquired the properties, and the equity in the properties, or concerning whether defendants have other assets or income to pay counsel. See [D.E. 127] 5–6. Moreover, in light of the court's ruling on plaintiffs' motion for partial summary judgment as to liability, defendants are liable for wrongdoing. Furthermore, defense counsel entered his appearance after the government

7

Case 7:14-cv-00113-D Document 157 Filed 03/15/17 Page 7 of 8

encumbered defendants' assets. Id. at 9. Having considered the entire record and balanced the equities, the court denies without prejudice defendants' motion to release sequestered, frozen, and garnished funds.

III.

In sum, as explained in open court, the court GRANTS in part plaintiffs' motion for partial summary judgment against defendants Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago [D.E. 116] and holds that defendants are liable under the federal and North Carolina false claims acts. The parties shall engage in a mediation with United States Magistrate Judge James E. Gates concerning damages. If the case is not resolved at mediation, the court anticipates holding a trial concerning damages. Defendants' motion to release sequestered, frozen, and garnished funds for payment of attorney fees and costs [D.E. 124] is DENIED without prejudice.

SO ORDERED. This 15 day of March 2017.

JAMES C. DEVER III
Chief United States District Judge