IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:14-CV-113-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br> and STATE OF NORTH CAROLINA, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | **ORDER** |
| COMPASSIONATE HOME CARE <br> SERVICES, INC., et. al., | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

On March 15, 2017, the court granted in part plaintiffs' motion for partial summary judgment on liability against defendants Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago [D.E. 157]. In the same order, the court denied without prejudice defendants' motion to release sequestered, frozen, and garnished funds for payment of defense counsel's attorney's fees and costs. See id. at 6–7. On April 25, 2017, defendants renewed their motion to release sequestered, frozen, and garnished funds for payment of defense counsel's attorney's fees and costs [D.E. 167]. On June 15, 2017, plaintiffs responded in opposition [D.E. 180]. On July 3, 2017, defendants replied [D.E. 185-1]. As explained below, the court denies defendants' motion.

I.

In July, August, and September of 2014, plaintiffs served writs of attachment, sequestration, and garnishment against various properties and bank accounts defendants owned. See [D.E. 72–73, 76–77, 91–93, 99, 104]. The Clerk of Court for the Eastern District of North Carolina holds

$93,528.28[1] in sequestered rent, and the Robeson County Clerk of Court holds $60,398.45. See [D.E. 168] 2–3; [D.E. 180] 2.

Attorney Jon Wall represents defendants Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago and filed his notice of appearance in August 2014. See [D.E. 85]. Wall contends that his clients paid him $6,000 for attorney's fees in 2014, but owe his law firm approximately $99,563.87 in fees and expenses through July 2017. See [D.E. 167] ¶ 9; [D.E. 184] ¶ 4. Wall also states that he cannot continue to represent defendants without compensation. See [D.E. 167] ¶ 11. Thus, defendants request that the court order the release of $50,000 of the sequestered funds. See id. ¶ 12.

District courts have broad discretion to release sequestered, frozen, or garnished funds. See, e.g., United States v. Jamie, No. 2:10-cv-498, 2011 WL 145196, at *1 (S.D. W. Va. Jan. 18, 2011) (unpublished) (collecting cases). The court has authority to release such funds "in the interest of fundamental fairness if wrongdoing is not yet proven and the restrained property is a defendant's only means of securing counsel." Id. (quotation omitted). As the first requirement implies, "[r]eleasing restrained funds to pay attorney's fees is premised on the fact that wrongdoing is not yet proven when the fee application is made." United States v. Payment Processing Ctr., LLC., 439 F. Supp. 2d 435, 440 (E.D. Pa. 2006).

Defendants' request fails because liability has been proven. In its order granting in part plaintiffs' motion for partial summary judgment, the court held that

> defendants knowingly billed for services not rendered, knowingly billed for certain services provided to patients by unlicensed, non-certified aids, and knowingly billed

---

[1] This amount represents the balance of sequestered rent as of April 25, 2017. See [D.E. 180] 2 n.2.

2

for services provided to patients by close family members. Furthermore, Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago falsified documents to conceal their obligation to repay the government and used false documents to support false claims previously submitted. Moreover, the falsity of the claims was material to the Medicaid Program's decision to pay Compassionate Home Care Services, Inc. As such, defendants Compassionate Home Care Services, Inc., Carol Anders, and Ryan Santiago violated the federal and North Carolina false claims acts.

[D.E. 157] 4–5 (citations omitted). With liability proven, plaintiffs have a strong interest in preserving the sequestered funds to satisfy a future judgment following a determination of damages. See Jaime, 2011 WL 145196, at *2 ("In this case, the United States clearly has an interest in preserving the frozen assets to satisfy any future restitution or forfeiture."). Furthermore, defense counsel entered his appearance after the government encumbered defendants' assets. Having considered the entire record and balanced the equities, the court denies defendants' renewed motion to release sequestered, frozen, and garnished funds.

II.

In sum, the court DENIES defendants' renewed motion to release sequestered, frozen, and garnished funds for payment of attorney's fees and costs [D.E. 167].

SO ORDERED. This 8 day of September 2017.

JAMES C. DEVER III
Chief United States District Judge

3