IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-113-D

UNITED STATES OF AMERICA, )
and STATE OF NORTH CAROLINA, )
)
Plaintiffs, )
)
v. ) **ORDER**
)
COMPASSIONATE HOME CARE )
SERVICES, INC., et. al., )
)
Defendants. )

On August 29, 2018, plaintiffs moved for a default judgment under the federal and North Carolina False Claims Acts against defendant Anthony Anders [D.E. 265]. After considering the motion, memorandum in support [D.E. 266], and the record, this court grants plaintiffs' motion and directs the clerk to enter a judgment against Anthony Anders, jointly and severally with Compassionate Home Care Services, Inc. and Carol Anders, for $1,540,880.77.

On July 14, 2014, Anthony Anders was served with the summons and complaint [D.E. 77], but has failed to appear, plead, or defend this action. On November 19, 2014, the clerk entered a default against Anthony Anders, Charlena Bryant, and Tammy Thompson [D.E. 105]. See Fed. R. Civ. P. 55(a). The remaining parties litigated the matter, which resulted in a jury verdict and judgment in favor of plaintiffs [D.E. 262, 263].

Plaintiffs have stated a claim against Anthony Anders for damages resulting from the fraud he and his former wife, Carol Anders, and their company, Compassionate Home Care Services, Inc.,

perpetrated on the North Carolina Medicaid Program. See 31 U.S.C. § 3729(a); N.C. Gen. Stat. § 1-607(a); Pearsall v. Delta Career Educ. Corp., No. 7:17-CV-226-FL, 2018 WL 3117231, at *1 (E.D.N.C. June 25, 2018) (unpublished). When default is entered, the factual pleadings in the complaint are admitted against the defendant. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). Because the clerk entered default against Anthony Anders, plaintiffs' factual allegations in the complaint are admitted against him. See id. Thus, this court finds that Anthony Anders submitted false claims (or caused others to do so) and created and used false records and statements (or caused others to do so) in support of the false claims submitted to the Medicaid Program in violation of the federal and North Carolina False Claims Acts (31 U.S.C. § 3729(a)(1)(A), (B); N.C. Gen. Stat. § 1-607(a)(1), (2)). [D.E. 1 ¶¶ 15, 23, 25, 31–34, 49–52]. Anthony Anders knew that Compassionate Home Care Services, Inc. billed the Medicaid Program for services Compassionate did not provide or provided with an unlicensed aide or a family member aide in violation of Medicaid policy. Anthony Anders directed Compassionate's third party billers to submit these false claims to the Medicaid Program for payment. Plaintiffs have stated a claim against Anthony Anders. See 31 U.S.C. § 3729(a)(1)(A) and (B); N.C. Gen. Stat. § 1-607(a)(1) and (2).

Anthony Anders is liable to plaintiffs for $308,293.59 in payments Compassionate received for services it did not provide or provided with unlicensed or family-member aides from August 22, 2008, through April 1, 2012. These payments include 371 false claims, records, and statements that Anthony Anders used, along with Compassionate and Carol Anders, to facilitate the fraud on the Medicaid Program.

Once liability has been established, the district court applies the treble damages multiplier to the damages found by the court or jury. See 31 U.S.C. § 3729(a)(1)(A), (B); N.C. Gen. Stat. § 1-607(a)(1), (2). The court awards treble damages for Anthony Anders's false claims violations in the amount of $924,880.77.

Finally, the court finds that plaintiffs are entitled by law to a civil penalty for the false claims, records, and statements identified by the jury. See United States ex rel. Drakeford v. Tuomey, 792 F.3d 364, 384 (4th Cir. 2015). Once the government has proven that one or more claims are false, the statute requires the court to assess a penalty for each false claim for which the government seeks relief. See id. The Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fifth Amendment, however, may limit the number of penalties in a false claims action. See Tuomey, 792 F.3d at 387–89; cf. 31 U.S.C. § 3729(a)(1); N.C. Gen. Stat. § 1-607(a). The court awards plaintiffs 112 penalties against Anthony Anders, at $5,500 per penalty, which equates to a penalty of $616,000.00. This award does not violate the Excessive Fines Clause of the Eighth Amendment or the Due Process Clause of the Fifth Amendment. See Tuomey, 792 F.3d at 387–89.

Anthony Anders is jointly and severally liable for this amount with Compassionate and Carol Anders. The court awards a judgment against Anthony Anders of $1,540,880.77. JUDGMENT IS THEREFORE ENTERED against defendant Anthony Anders, jointly and severally with Compassionate Home Care Services, Inc. and Carol Anders, for $1,540,880.77.

SO ORDERED. This 3 1 day of August 2018.

JAMES C. DEVER III
Chief United States District Judge

3